———o———

## 5075.

(Court of Appeal, Parish of Orleans).

## H. F. CAMERON ET AL. vs. EL DORADO REALTY CO., LTD.

In Re. Appeal of W. S. Hero and Adam Lorch, Jr.

1. A resolution by the board of directors of a corporation discharging an employee, is without effect to him until notified thereof, and will not bar his right to recover compensation for services rendered after such resolution, but before receiving notice thereof.

2. Where the secretary of a corporation is present at a meeting of the board of directors and consents to a resolution limiting the expenses of the corporation to a fixed sum per month, but making no provision for any compensation for his services, the presumption is that he expected no compensation at the time, and he cannot afterwards be heard claiming that compensation is due him.

Appeal from the Civil District Court, Division "D."

H. M. Ansley, W. S. Hero for appellee.

A. Romain, Lyle Saxon for appellant.

ST. PAUL, J.—At the instance of plaintiffs, defendant was placed in the hands of receivers, appellants, Adam Lorch, Jr., and W. S. Hero, took a rule to be recognized as creditors of the corporation, the former for six

months salary as clerk under a contract, the latter for eight months compensation as secretary on "**quantum meruit.**"

The evidence shows substantially that the A. H. Johness Realty Co., of which H. Johness was president, was engaged in a general real estate business, buying, selling and leasing on commission.

The Johness Company conceived the idea of organizing the El Dorado Realty Co., to take over the business of the first named company and to have in addition thereto a sort of building and homestead feature.

The new corporation was duly formed and Johness became the president thereof. On November 9, 1908, the board of directors adopted a resolution authorizing the president "to employ all necessary clerical and office force and draw monthly $500.00 to cover such salaries, his compensation, and the operating expenses of the company, until further date, when the same may be increased by the board."

At that time Lorch was in the employ of the Johness Company on a commission basis. Johness, acting by virtue of the resolution just mentioned, the substance of which he communicated to Lorch, engaged the services of the latter for the El Dorado Company at a salary of $55.00 per month, Lorch entered at once upon the discharge of his duties and was compensated for his services up to the end of the month of December, 1908.

About this time there appears to have been some misunderstanding about the company's affairs, the nature of which is not made clear, but the result of which was that the El Dorado Company surrendered back the business of the Johness Company, or perhaps never took it over. From that time it ceased to do any business, or new business at any rate; and on January 2, 1909, a resolution was passed by the board of directors "to

suspend the expenditure of $500.00 per month to be paid to the president in accordance with the previous resolution."

Whatever may have been the occasion or purpose of this resolution, it could have no force as to the employees until they had been notified of their discharge.

But the evidence shows that Lorch was never notified that his services would no longer be needed; on the contrary, he was allowed to continue in the office which the company still maintained (see minutes June 1st, 1909), and his services were constantly in demand by the president. The corporation was not dissolved, the stockholders having refused to do so, and although no new business was done there were still some affairs of the company remaining to be attended to. Meetings of the directors were called from time to time, and although they generally failed for want of quorum, yet as late as June 1st., they met and issued a call to the stockholders for a payment of two per cent. on their subscriptions.

Lorch undoubtedly knew that some difficulty had been encountered by the company, but he believed that these were of a temporary character, and for that reason continued to render his services notwithstanding that he was not receiving his pay regularly. Johness also seemed to think that the difficulties were only temporary. Even a majority of the stockholders must have thought so since they refused to vote for the dissolution of the corporation.

Under the circumstances we do not think that it was incumbent upon Lorch to assume that he had been discharged, or that his services were no longer needed. He had a right to suppose that if such were the case he would be notified to that effect. We think that as to him the judgment appealed from is erroneous and that he is entitled to the salary which he claims.

— 12 —

As to the claim of W. S. Hero. He was the secretary of the company and as such a member of the board of directors, and present at all its meetings. He knew of, and consented to, the resolution of November 9, 1908, limiting the operating expenses of the company, including salaries, to $500.00 per month to be disbursed by the president.

If he expected to be compensated for his services then was the time for him to speak. If any compensation for himself was included in the sum, he should have demanded it from the president; if not, he should have called the matter to the attention of the board of directors, whilst they were thus engaged in making up their budget of expenses. He did neither, and the natural presumption is that at that time he expected no compensation. He was also present when the resolution of January 2, 1909 was passed, evidencing the intention of the board to incur no further expense on behalf of the corporation, at least for the time being. Here again he should have spoken; if he expected compensation after that time, he should have made known the fact.

We do not think that the circumstances warrant the conclusion that appellant expected at the time to be compensated for his services as secretary, and if it was not then expected it cannot now be claimed. We are of opinion that as to his claim the judgment appealed from is correct.

It is, therefore, ordered that as to the appellant, W. S. Hero, the judgment appealed from be affirmed; and as to the appellant, Adam Lorch, Jr., that said judgment be annulled, reversed and set aside, and it is now ordered that said Adam Lorch, Jr., be recognized by the receiver as a creditor of the defendant corporation for the sum of three hundred and thirty dollars, payable in due course of administration. And it is further ordered that the appellant, W. S. Hero, bear his own costs in the court a qua,

and one-half of the cost of this appeal, and that all other costs of both courts be borne by appellees, the receivers.

November 7, 1910.